COPELAND CORPORATION, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

34

(No. 76-853—Decided April 20, 1977.)

*Messrs. Dargusch & Hutchins* and *Mr. Shelby V. Hutchins,* for appellee.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellant.

SWEENEY, J.   At issue in the instant cause is whether the charges for the fuel, oil, and grease, and the license and registration fees, are subject to sales taxes.

Since it is apparent that the various clauses governing fuel, oil, and grease, licenses and registrations, and other matters, are divisible parts of the lease contract, this court, in reviewing the decision of the Board of Tax Appeals, will consider the separate sales tax consequences of each transaction under the contract. *Material Contractors, supra.*

R. C. 5739.01(B) states:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever."

The term "personal property," as used in the definition of "sale" in R. C. 5739.01(B), includes "every tangible thing which is the subject of ownership * * *." R. C. 5701.03.

Thus, to constitute a "sale," the transaction must involve a transfer of title, possession, or both, of tangible items capable of ownership, for a consideration.

The transfer of the licenses and registrations falls within this statutory definition of "sale." Pursuant to the lease agreement, K & S Leasing provided the lessee with tangible items. These items were capable of ownership, in that Copeland acquired a right to possess them pursuant to the lease agreement. Finally, the charge of $.01 per mile represented the amount K & S Leasing received as consideration for providing these items to Copeland. This

charge was not a mere reimbursement to K & S Leasing, since Copeland's monthly charge was based on a certain rate charged per mile, and not on the actual costs incurred by K & S Leasing. Accordingly, the transfer of the licenses and registrations was a "sale" under R. C. 5739.01(B).

Copeland contends also that the charges for fuel, oil, and grease are not taxable since: (1) charges for oil and grease represented reimbursement to the lessor for providing such items, and (2) charges for fuel already subject to the state tax have been specifically excepted from the sales tax pursuant to R. C. 5739.02(B)(6).

In regard to the first contention, the record does not show that the amounts Copeland paid K & S Leasing for the oil and grease were reimbursement only. The charge appellee paid each month was based on a $.06 per mile rate, and not on the actual costs incurred by the lessor. Thus, appellee's contention that the charges for oil and grease did not constitute a taxable sale is not well taken.

With respect to the claim that the charges for fuel are excepted from the sales tax, it is clear that if these charges were separately stated in the lease agreement, then they would not be subject to the sales tax. Paragraph three of the syllabus, *Material Contractors, supra.* However, in this cause, the charge for fuel and the charges for oil and grease were combined in one charge. In this situation, Copeland has the burden of showing what portion of the charge for fuel, oil, and grease was attributable to the cost of providing the fuel only. R. C. 5739.02(B); paragraph one of the syllabus in *Merchant Cold Storage Co.* v. *Glander* (1948), 150 Ohio St. 524.

Copeland argues, without producing any data to support its claim, that since the cost of oil and grease necessary to operate a vehicle is insignificant in comparison with the cost of the fuel for that vehicle, the separate charge of $.06 per mile should be totally excluded from the sales tax. However, that argument, standing alone, does not meet the burden of proving entitlement to an exception. Therefore, the entire charge for fuel, oil and grease is subject to sales taxes.

Copeland argues, further, that since it was the intent of the General Assembly, in enacting R. C. 5739.02(B)(6), to prevent the levying of a second tax upon transfers of motor vehicle fuel subject to the gasoline tax, transfers of oil and grease, which appellee states have already been taxed by this state, should likewise be excepted, even if these transfers of oil and grease are not covered by the actual language of the statutory exception.

Statutes relating to an exception from taxation must be strictly construed. Paragraph two of the syllabus in *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407. This court will not supply terms that are omitted from the statute and make assumptions concerning legislative intent when the meaning of the statute is otherwise clear. Paragraphs seven and eight of the syllabus in *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65.

Thus, in considering the clear language of R. C. 5739.02(B)(6), this court will not include items not specifically excepted therein based upon the unfounded assumption of a specific legislative intent, which the appellee claims to exist, but which the General Assembly has not chosen to express.

Because the Board of Tax Appeals misapplied this court's holding in *Material Contractors, supra,* to the lease agreement in the instant cause, the decision of the board is reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and LOCHER, JJ., concur.