ELLIS, Judge:
Defendant Patterson Services, Inc. is engaged in the business of renting various items of drilling equipment. The terms and conditions of the rental agreement used by defendant include, inter alia, provisions that the lessee is responsible for equipment rented while it is out of the possession of defendant, and that the lessee will bear all transportation charges. In some cases, arrangements for delivery are made by defendant, and the charges for same are billed to the lessee separately from the rental charges. No surcharge or service charge is made by defendant for this service, and no increase in the rental charge is made.
This suit by Shirley McNamara, Secretary of the Department of Revenue and Taxation, alleges that defendant has failed to collect and remit sales taxes on transportation charges so billed to its lessees. It is contended that the transportation charge is part of the rental charge and is therefore subject to the sales tax under R.S. 47.302B and under the regulations promulgated by plaintiff pursuant to R.S. 47:1511.
R.S. 47:302B provides:
“There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property, as defined herein; the levy of said tax to be as follows:
“(1) At the rate of two per centum (2%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or *972 rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.
“(2) At the rate of two per centum (2%) of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.”
R.S. 47:1511 gives the Secretary the authority to promulgate reasonable rules and regulations for the proper administration and enforcement of the provisions of law relative to the collection of revenues. Pursuant to that authority, a regulation has been adopted providing:
“Any freight, delivery charge, shipping expense or other charges of a similar nature billed to the lessee in connection with the lease or rental of tangible personal property shall be included in the amount subject to tax.”
Defendant contends that the foregoing regulation is not valid since it goes beyond the provisions of the law; and that the transportation charges are not subject to the tax since they are not part of the “gross proceeds” derived from the rental.
We agree with the trial judge that the defendant’s position is well taken. Defendant, by arranging for transportation, performs a service for which it is not compensated. The charge for transportation is no part of the rental charge. There is nothing in the language of R.S. 47:302B which indicates an intention to tax such a transaction as part of the rental charge. We therefore hold that the transportation charges are not subject to taxation under R.S. 47:302B, and that the regulation relied on is invalid because it goes beyond the terms of the statute.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.