Connie E. KINZLER, Dane J. Kinzler, Fred L. Kinzler and Gloria A. Kinzler, Plaintiffs and Appellees,

v.

Robert NACEY and Barbara Nacey, Defendants and Appellants.

No. 12923.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1980.

Decided Sept. 24, 1980.

Harlan A. Schmidt, Spearfish, for plaintiffs and appellees.

Wesley W. Buckmaster of Stephens, Quinn, Carr, Tschetter & Buckmaster, P. C., Belle Fourche, for defendants and appellants.

WOLLMAN, Chief Justice.

Appellants appeal from a judgment of the circuit court granting appellees' motion for summary judgment in appellees' action for cancellation of a purchase agreement and return of their earnest money deposit.

On July 27, 1978, the parties entered into a purchase agreement for the sale of a commercial restaurant in Lawrence County known as "The Spruces." Appellants had operated the restaurant on a full–time basis since May 28, 1976.

Appellees made an earnest money deposit of $25,000 and took possession of the restaurant on July 30, 1978. Closing was set for August 11, 1978, at which time a formal contract for deed was to be executed. Subsequently, appellees became aware that the restaurant was apparently in violation of the Lawrence County comprehensive zoning ordinance and informed appellants of this on August 7, 1978.

Under the ordinance, the area in which the restaurant is located is zoned "park forest," a zone in which operation of a restaurant is prohibited. The chronological history of the Lawrence County zoning ordinance applicable to this action is as follows:

June 26, 1975: Public hearing

July 9, 1975: Ordinance approved by Lawrence County Commission

July 30, 1975: Expiration of publication period

August 19, 1975: Referendum petition filed

June 1, 1976: Referendum election held

June 4, 1976: Canvass of election returns, certification of results: 2,283 to adopt, 2,058 to reject.

Attempting to correct the zoning problem, appellants applied for a conditional use permit on August 22, 1978. The Lawrence County Commission eventually rejected this application on December 19, 1978. On August 25, 1978, appellees notified appellants of rescission of the purchase agreement. This action was then commenced by appellees to recover their earnest money deposit.

Appellants contend that because the effective date of the zoning ordinance was suspended by the filing of the referendum petition, the ordinance did not take effect until June 4, 1976, the date on which the referendum canvass was completed. Thus, appellants argue, the operation of the restaurant qualified as a preexisting, nonconforming use pursuant to SDCL 11–2–26, which provides:

> The lawful use or occupancy of land or premises existing at the time of the adoption of an official control hereunder may be continued, although such use or occupation does not conform to the provisions thereof . . . .

The question presented is whether the referendum provisions contained in SDCL 7–18A are applicable to a referral of a zoning ordinance under the provisions of SDCL 11–2.[1] SDCL 7–18A contains the provisions governing the adoption, referral, initiation, and revision of county ordinances and resolutions. SDCL 7–18A–8 provides:

> Except such resolutions or ordinances as may be necessary for the immediate preservation of the public peace, health, or safety, or support of the county government and its existing public insti-

---

1. In *Save Centennial Valley Ass'n, Inc. v. Schultz*, 284 N.W.2d 452, 456 (S.D.1979), we stated that "Lawrence County adopted a comprehensive planning and zoning plan in 1976." The question presented in the instant case, however, was not at issue in that case.

tutions; which provide for an election or hearing on an improvement or assessment; or which call for bids which take effect upon the passage and publication thereof, every resolution or ordinance passed by a board shall take effect on the twentieth day after its completed publication unless suspended by operation of a referendum.

SDCL 7–18A–15 provides:

Any ordinance or resolution adopted by a board of county commissioners may be referred to a vote of the qualified voters of the county by the filing of a petition signed by a number of qualified voters equal to at least five per cent of the total votes cast for Governor in the county in the last gubernatorial election, except such ordinances and resolutions as may be necessary for the immediate preservation of the public peace, health or safety, or for the support of the county government and its existing public institutions.

SDCL 7–18A–19 provides:

A special election shall be held within thirty days after the filing of a petition under § 7–18A–15; except that when such petition is filed within three months prior to the primary or general election, such ordinance or resolution shall be submitted at the primary or general election if there is time to give notice thereof.

SDCL 7–18A–22 provides:

No referred ordinance or resolution shall become operative unless approved by a majority of the votes cast for and against the same. If approved, it shall take effect upon completion of the canvass of the election returns relating thereto.

SDCL 11–2 contains the provisions governing county planning and zoning. The procedure for adopting a comprehensive zoning plan is set forth in SDCL 11–2–20:

Based on the results of the hearing or hearings, the action upon the comprehensive plan or any part, adjunct, amendment or additions, shall be by resolution or ordinance, as appropriate, carried by the affirmative votes of not less than a majority of all the members of the board of county commissioners.

SDCL 11–2–21 provides in part:

The action of the board of county commissioners shall be filed with the county auditor and a copy may be sent to the state planning bureau. A summary of the same shall be prepared by the county planning commission, reviewed by the state's attorney, and published once in the official newspaper or newspapers in such county and take effect on the twentieth day after its publication. . . .

The question of the adoption or rejection of the comprehensive plan must be submitted to a vote of the people if a petition is filed pursuant to SDCL 11–2–22, which provides:

Ten per cent of the electors as determined by the total number of votes cast for Governor in the county at the last gubernatorial election, may petition to have the question of adoption or rejection of the county comprehensive plan or any adjunct thereto placed upon the ballot at the next primary or general election, whichever occurs first, following the filing of the petition with the county auditor. The county auditor shall give notice of the fact that such question will be on the ballot at the primary or general election as provided by law for such elections and prepare official ballots therefor according to the provisions of this code relating to elections and the submission of questions to the voters.

SDCL 11–2–22.1 provides:

If the voters shall reject the proposed comprehensive plan or adjunct thereto, the board of county commissioners may cause the planning commission to revise the plan or parts thereof or adjunct thereto and adopt the same as revised, and file and publish the same as required by § 11–2–21.

The trial court held that the particular provisions of SDCL 11–2 relating to the referral of zoning ordinances govern over the general provisions of SDCL 7–18A. The trial court concluded that the effective date of the zoning ordinance had not been

suspended, that the restaurant therefore did not constitute a nonconforming use, and that appellees were entitled to rescind the contract on the basis of mutual mistake of fact with respect to the existence of the zoning ordinance.

We conclude that the provisions of SDCL 7–18A–8 and 7–18A–22 are applicable to ordinances adopted pursuant to SDCL 11–2 and that the effective date of the ordinance in question was suspended by the filing of the referendum petition pursuant to SDCL 11–2–22.

In reaching this conclusion, we are guided by the principle that a court should construe multiple statutes covering the same subject matter in such a way as to give effect to all of the statutes if possible. *Hot Springs Ind. School Dist. v. Fall River Landowners Association*, 262 N.W.2d 33 (S.D.1978); *In re Collins*, 85 S.D. 375, 182 N.W.2d 335 (1970); *In re Heartland Consumers · Power District*, 85 S.D. 205, 180 N.W.2d 398 (1970); *Black v. Circuit Court of Eighth Judicial Circuit*, 78 S.D. 302, 101 N.W.2d 520 (1960).

Although it is the rule that "[t]he terms of a statute relating to a particular subject will prevail over the general terms of another statute," *Clem v. City of Yankton*, 83 S.D. 386, 402, 160 N.W.2d 125, 134 (1968), we find nothing in SDCL 11–2–22 or in the remaining provisions of SDCL 11–2 for that matter, that is so inconsistent with the provisions of SDCL 7–18A–8 and 7–18A–22 that the former statute must be construed as an exception to the latter.

> It is a rule of statutory construction that where a general statute covering an entire matter is so inconsistent to a special statute covering some particular part thereof that effect cannot be reasonably given to both the latter is to be read as an exception to the former.

*Antonen v. Swanson*, 74 S.D. 1, 6, 48 N.W.2d 161, 164 (1951).

2. Appellees contend that the ordinance in question could be considered as "necessary for the immediate preservation of the public peace, health, or safety, or support of the county

To the extent that SDCL 11–2–22 does contain provisions that are different from those contained in SDCL 7–18A–15 through 7–18A–23, e. g., number of signers required and time of election, those specific provisions must be given effect. To the extent that there is no conflict between the statutes, however, the provisions of both should be given effect.

We note that SDCL 7–18A had its source in 1975 S.D.Sess.Laws ch. 82, whereas SDCL 11–2–21 and 11–2–22 in their present form had their source in 1970 S.D.Sess.Laws ch. 84. Had the legislature intended that the effective date of zoning ordinances not be included among those suspended by the filing of a referendum petition, SDCL 7–18A–8 could have been worded accordingly.[2]

Additionally, it appears to be the general rule that the filing of a referendum petition suspends the operation of a zoning ordinance. 8A McQuillin, Municipal Corporations, § 25.246 (3rd edition 1976); 1 R. Anderson, American Law of Zoning, § 4.29 (2d ed. 1976); 7 P. Rohan, Zoning and Land Use Controls, § 50.03[7] (1979).

For these reasons, then, we hold that the effective date of the Lawrence County zoning ordinance in question was suspended until the referendum process provided by SDCL 11–2–22 was completed.

Inasmuch as the summary judgment was premised on a determination that we have held to be in error, the judgment is reversed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.

government and its existing public institutions . . .," SDCL 7–18A–8, but we conclude that that contention is not supportable.