**In the Matter of the State Sales and Use Tax Liability of Page J. TOWNLEY, Jr. d/b/a National Car Rental Rapid City Regional Airport.**

**No. 15547.**

Supreme Court of South Dakota.

Considered on Briefs April 22, 1987.

Decided Dec. 30, 1987.

Gene R. Woodle, Asst. Atty. Gen., Pierre, for appellant South Dakota Dept. of Revenue; Mark V. Meierhenry, Atty. Gen., on brief.

Robert L. Varilek, Rapid City, for appellee Townley.

SABERS, Justice (on reassignment).

Department of Revenue (Department) appeals a circuit court decision that National owed no sales tax on gasoline reimbursements and personal accident insurance (PAI) receipts.

*Facts*

Page J. Townley, d/b/a National Car Rental (National), owns and operates a na-

tional car rental franchise with branches in Pierre and Rapid City, South Dakota. National's books and records from April 1982 through April 1985 were audited by Department. A state and city sales and use tax of $5,537 and interest of $2,348 were assessed for a total of $7,885.

Department determined that National failed to pay sales tax on funds received as reimbursement for the cost of gasoline used by National's customers during rental periods. Each customer renting an automobile receives it with a full tank of fuel. At the end of the rental period, a customer may choose to refill the tank at a service station of his or her choice, and return the vehicle with a full fuel tank, or elect to return the vehicle with less than a full tank. In the latter event, National charges the customer an amount which approximately covers the cost of refueling. When a car is returned with a full fuel tank, the customer is not charged and Department agrees that no tax is owed.

National also offers PAI to customers. The purchase is optional as rental customers may prefer to rely on their own insurance policies. Old Republic Insurance Company, licensed within South Dakota, underwrites the PAI. National retains 75% of all premiums collected and sends the remaining 25% to Green Valley Agency of Minneapolis (a subsidiary of National) which in turn submits a portion of the 25% received to Old Republic, the company responsible for paying insurance premium tax. National does not charge sales tax on either fuel reimbursement or PAI.

### Action

An administrative hearing was held on October 18, 1985. Findings of fact and conclusions of law were entered on January 20, 1986. It was determined that amounts paid to National for refueling rental vehicles and for PAI were includable in gross receipts and therefore subject to tax.

This decision was appealed to the circuit court on February 12, 1986. The circuit court reversed Department's decision and entered its own findings of fact and conclu-

sions of law. The court determined that (1) National's activities relating to gasoline and insurance sales predominately involve sales of those items as opposed to performance of services; and (2) state statutes exempted such sales from further tax. Department appeals. We reverse.

### Scope of Review

This court recently clarified the standard of review in administrative law cases. *Permann v. Dept. of Labor, Unemployment Ins. Division,* 411 N.W.2d 113 (S.D.1987); *see also Matter of Guardianship of Viereck,* 411 N.W.2d 102 (S.D.1987) and *Lee v. South Dakota Dept. of Health,* 411 N.W. 2d 108 (S.D.1987). When reviewing questions of fact, we determine whether the agency was clearly erroneous. If the issue under review is one of law, decisions of the agency and the circuit court are fully reviewable. *Permann, supra* at 116 (*quoting Johnson v. Skelly Oil Co.,* 359 N.W.2d 130, 132 (S.D.1984)).

In this case, the facts are undisputed. Resolution of this dispute depends upon the interpretation and application of statutes. Because this is a question of law, we accord no deference to the conclusions reached by the Department or the circuit court. *See Permann, supra* at 117.

### 1. TAX LIABILITY

SDCL 10–45–5 imposes a tax at the rate of 4% upon the gross receipts of any person engaging or continuing in any of the following businesses or services in this state ... (including) rentals of tangible personal property.

Department claims that National is in the business of renting automobiles. When the public goes to National they go to rent a car. They do not go to buy gas or PAI and National does not sell them gas or PAI. National rents them a car.

National *is* in the business of renting cars which are tangible personal property and is, therefore, subject to sales tax measured by gross receipts from that business.

Gross receipts is defined in SDCL 10–45–1(2) as:

[T]he amount received in money, credits, property, or other money's worth in consideration of sales at retail within this state, without any deduction on account of the cost of the property sold, the cost of materials used, the cost of labor or services purchased, amounts paid for interest or discounts, or any other expenses whatsoever[.]

The amounts charged by National in this case are all a part of the business of leasing cars and under the above definition those amounts may not be deducted from gross receipts in determining tax due.

■ It is apparent from National's own contract that amounts received for fuel cost reimbursement and PAI were considered part of gross receipts from car rentals. Section 4(a)(i) of the contract sets out "Rental Charges." Included within rental charges by National are "... refueling and other services."

In *Keystone Consolidated Industries, Inc. v. Allphin,* 45 Ill.App.3d 714, 4 Ill.Dec. 250, 359 N.E.2d 1202 (1977), the court considered a definition of "selling price" almost identical to South Dakota's definition of gross receipts. The court held that the meaning of the statute was clear. "No reimbursement of any of the seller's expenses whatsoever may be deducted from the selling price in computing use tax liability." *Id.* 359 N.E.2d at 1205.

The courts have reached a similar result in many cases * dealing with the costs of transportation or delivery. National claims these cases are "not dispositive." These cases are relevant, closely on point, and well reasoned. Although they may not be completely dispositive, they substantially support the principles involved. In *Revenue Cabinet v. Budget Rent-A-Car of Cincinnati, Inc.,* 704 S.W.2d 199 (Ky.App. Dist. 1986), *app. dis.* —— U.S. ——, 106 S.Ct. 2239, 90 L.Ed.2d 687, the court held that a gross rental or lease charge tax applied to *all* charges, specifically including a charge for "personal accident insurance," and that gross included everything without deduction. The court stated: "If it is a charge contained in the lease, by clear meaning that is a 'lease charge.' " *Revenue, supra,* 704 S.W.2d at 202. In addition, the South Dakota statutes themselves are dispositive. The obvious intent of the South Dakota legislature is to impose a 4% tax upon gross receipts of any business or service renting tangible personal property. We give these words and phrases their plain meaning and effect. *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D. 1984); *Board of Regents v. Carter,* 89 S.D. 40, 46, 228 N.W.2d 621, 625 (1975). Therefore, the cost of gasoline and PAI is included in the rental charge and subject to the gross receipts tax.

### 2. EXEMPTIONS FROM TAX LIABILITY

■ National claims that it is exempt from sales tax on fuel cost reimbursement under SDCL 10–45–11 and for PAI under either SDCL 10–45–12.1 or SDCL 10–44–8. Under *Northwestern Public Service Co. v. Aberdeen Housing and Redevelopment Comm'n,* 320 N.W.2d 515 (S.D.1982), and *K Mart Corp., Inc. v. South Dakota Dept. of Revenue,* 345 N.W.2d 55 (S.D.1984), tax exemption statutes are construed strictly against the person claiming exemption. Exemptions are a matter of legislative grace and doubts are resolved in favor of taxation. In many of the cases, the taxpayer claims to be in a separate business such as the sale of transportation, PAI, or the sale of gasoline. These taxpayers could legally have engaged in their businesses and avoided tax because those types of businesses were exempt. However, the courts refused to allow these taxpayers to split off small, nontaxable portions of the business. If you are engaged in a taxable

---

* *Belvedere Sand & Gravel Co. v. Heath,* 259 Ark. 767, 536 S.W.2d 312 (1976). National's claims are similar to the claims made by the taxpayer in *Belvedere,* which included costs for independent haulers hired by the taxpayer and separately billed to the customer by the taxpayer as gross receipts. *Harold W. Fuchs Agency, Inc. v. Wisconsin Dept. of Revenue,* 91 Wis.2d 283, 282 N.W.2d 625 (1979); *Rich's, Inc. v. Blackmon,* 133 Ga.App. 665, 211 S.E.2d 916 (1975); *East Brewton Materials, Inc. v. State Dept. of Revenue,* 45 Ala.App. 584, 233 So.2d 751 (1970); *Select Base Materials, Inc. v. Board of Equalization,* 51 Cal.2d 640, 335 P.2d 672 (1959); *Meyer v. State Board of Equalization,* 42 Cal.2d 376, 267 P.2d 257 (1954).

business, all of your receipts from that business are subject to tax. *See* cases cited in footnote. If the courts do not allow taxpayers to split off legitimate, related business activity, surely this taxpayer should not be allowed to split off pieces of business which National is not legally licensed to operate. National may not legally sell fuel or insurance because National is not licensed to do either.

It is apparent that the legislature intended to exempt from sales tax only those receipts upon which insurance premium tax is paid. Because tax exemptions are strictly construed against the person claiming exemption, National has the burden of proving that insurance premium tax was paid on amounts received for PAI. There is no such proof in this record. The insurance company received 25% or less of the amount received by National for PAI. National retained 75%. If the insurance company paid any tax on these receipts at all the tax was paid only on the 25% or less that the insurance company received.

National cannot claim exemption for sales of gasoline or PAI, because National does not fit within any exemption. National does not sell gas, it rents cars. Because National is not an insurance agent or an insurance company which pays the insurance premium tax, it may not claim that exemption either. One who claims exemption from taxation must show that his exemption is clearly within the letter and spirit of the law. 3A Sutherland, *Statutory Construction*, § 66.09 (rev. ed. 1986) at 328. National has failed to establish that its claimed exemptions are clearly within the letter and spirit of the law. *Id.*

In conclusion, National is in the car rental business and subject to tax on *all* receipts from those rentals, regardless of how those receipts are categorized by National in its own business records. In summary, gross includes everything without deduction.

Reversed and remanded.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

I respectfully dissent. This circuit court's decision should be affirmed regarding (1) National's fuel charges and (2) funds it retained from the sale of PAI. These proceeds fit within statutory exemptions in the South Dakota sales tax law.

The Department, and the majority of this Court, argue that National is in the business of renting cars, the gross receipts of which are subject to sales tax under SDCL 10–45–5. It is contended by the majority opinion that gross receipts are defined by SDCL 10–45–1(2) as the amount received in consideration of retail sales without deduction for any other costs or expenses and the fuel and PAI charges are part of the business of leasing cars, hence these charges fall within the taxable gross receipts. As National is unlicensed to sell either gasoline or insurance, it cannot fall within statutory exemptions to the sales tax because it fails to meet the letter of the law, it is further advocated. These contentions are met by this dissent in an effort to sustain the circuit judge's correct ruling.

Resolutions of these issues mandate an analysis of several seemingly contradictory state statutes. Notice the word "seemingly." It is nothing novel in this Court to consider statutes that appear to be in conflict. We have held the belief, however, that statutes should be read in harmony. Where there are multiple statutes covering the same subject matter, they should be construed to give effect to each statute. This is the decisional law of this state. *In re Silver King Mines*, 323 N.W.2d 858, 860 (S.D.1982); *Kinzler v. Nacey*, 296 N.W.2d 725, 728 (S.D.1980). For the "harmony statutory concept," *see State v. Woods*, 361 N.W.2d 620, 622 (S.D.1985). While numerous cases are cited for the proposition that monies received for activities (*e.g.*, transportation and delivery costs) which are integral parts of businesses as being includable within various definitions of "gross receipts," these cases are not dispositive. Transportation charges billed separately from rental charges are not necessarily "gross proceeds" from lease or rental of

tangible personal property. *McNamara v. Patterson Services, Inc.*, 382 So.2d 971 (La. App.1980). Cardinal to a just determination of this case is a reasonable interpretation of pertinent South Dakota statutes.

Regarding the fuel charges, SDCL 10–45–11 *"specifically exempt[s]* from the provisions of this chapter and from the computation of the amount of tax imposed by it, *gross receipts from the sale of gasoline* ... subject to tax under ... chapter 10–48....* (Emphasis added.) SDCL 10–45–4.1, on the subject of services subject to taxation, provides: " 'Service' means all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property...." In my opinion, National's fuel charges more closely approximate the sale of gasoline, exempted from the sales tax by SDCL 10–45–11, than performance of a service integral to rental of a vehicle (SDCL 10–45–4.1). A specific statute is controlling over a general statute. *In re D.H.*, 354 N.W.2d 185, 192 (S.D.1984); *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 295 (S.D.1982).* The circuit court was therefore correct, as a matter of law, when it ruled that National was exempt from paying sales tax on gasoline reimbursement receipts. This circuit judge did not make a "mistake of law" or "mistake in impression of legal principles" or a "conclusion[ ] of law ... in error as a matter of law." *In re Guardianship of Viereck*, 411 N.W.2d 102, 108 (S.D.1987) (Henderson, J., specially concurring). Therefore, the circuit judge should be affirmed in his ruling. To hold otherwise, *i.e.*, that National is in the gasoline business, is to fundamentally misperceive the nature of National's business. Here, the circuit judge relied upon a specific exemption, and this Court is reversing his decision. In absolutely precise language, "gross receipts from the sale of gasoline" are "specifically exempted."

On tax questions, courts may look to the substance, not just the form, of a transaction. *Midwest Federal Savings & Loan Ass'n v. Commissioner of Revenue*, 259 N.W.2d 596, 599 (Minn.1977). It is respectfully suggested that this is exactly what should be done under this factual scenario. National rents vehicles. The customer is responsible for the fuel he uses. Where the customer properly returns a full tank, the tax issue never arises. Only where the customer fails to refill his own tank does the State cry "TAX!" This is unfair. My reading on this subject also involves a case styled *Material Contractors, Inc. v. Donahue*, 14 Ohio St.2d 19, 235 N.E.2d 525 (1968), and it appears to be a case closest on its facts to the scenario before us. In *Material Contractors*, taxpayer leased tractor trailers to a third party who via agreement fueled the machines. Taxpayer reimbursed third party for cost of fuel. The question before the court was: Should taxpayer be assessed a sales tax based upon the full amount paid from third party or should taxpayer be entitled to subtract from "price" received the amount taxpayer reimburses to third party for fuel? The Ohio Court considered a statute similar to SDCL 10–45–11 and essentially held under a statute exempting sales of gasoline from sales tax, that the lessee of tractor trailers who reimbursed lessor for fuel costs, was not liable to pay sales tax on costs of fuel. *Id.*, 14 Ohio St.2d at 22, 235 N.E.2d at 528. *See also Copeland Corp. v. Lindley*, 50 Ohio St.2d 33, 361 N.E.2d 1344 (1977).

Similarly, the majority's inclusion in taxable gross receipts of the amounts National received from its sale of PAI to rental customers is incorrect.

Companies conducting an insurance business within South Dakota are subject to a premium tax under SDCL ch. 10–44. SDCL 10–44–8 provides:

> *Every company required to pay a tax under this chapter is exempt from the*

---

* This Court has historically refused to "read more into a statute than is written there by the legislature." *F & M Agency v. Dornbush*, 402 N.W.2d 353, 357 (S.D.1987) (citing *In re Famous Brands, Inc.*, 347 N.W.2d 882, 884–85 (S.D. 1984); *Elk Point Independent Sch. Dist. v. State*, 85 S.D. 600, 605, 187 N.W.2d 666, 669 (1971); *Ex Parte Brown*, 21 S.D. 515, 519, 114 N.W. 303, 305 (1907)).

*tax imposed under chapter 10–16, and from all other taxes,* state and local, except taxes upon real and tangible personal property as may be owned by such company and the retail occupational sales tax and the use tax on tangible personal property. An insurance policy or annuity contract is considered intangible personal property for the purposes of this section. (Emphasis added.)

Relatedly, SDCL 10–45–12.1 provides: "The following services ... are exempt from the provisions of this chapter ["Retail Sales and Service Tax"]: ... commissions earned or service fees paid by an insurance company to an agent or representative for the sale of a policy...." Therefore, it behooves us to read these two statutes in harmony, as I have mentioned earlier.

A fundamental rule of statutory construction, as the majority notes, is to give words and phrases their plain meaning and effect. *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984); *Board of Regents v. Carter,* 89 S.D. 40, 46, 228 N.W. 2d 621, 625 (1975). Again, multiple statutes covering the same subject matter should be construed to give effect to each statute. *Kinzler v. Nacey,* 296 N.W.2d 725, 728 (S.D.1980). In the area of taxation, exemptions are generally construed against the assertions of the taxpayer. *See K Mart Corp. v. South Dakota Dep't of Revenue,* 345 N.W.2d 55, 57 (S.D.1984); *In re Veith,* 261 N.W.2d 424, 426 (S.D.1978). While it is true that exemption provisions must be construed in favor of the taxing agency, and against the taxpayer, such a construction must be fair, with due regard for the ordinary meaning of the language. *Kaiser Steel Corp. v. Solano County,* 90 Cal.App. 3d 662, 153 Cal.Rptr. 546 (1979); *English v. Alameda County,* 70 Cal.App.3d 226, 138 Cal.Rptr. 634 (1977). The interpretation must be reasonable, natural, and practical. *In re Veith,* 261 N.W.2d at 426. How does National fit within this framework?

As the majority points out, National is neither required to pay a premium tax (SDCL 10–44–8) nor is it a licensed agent of Old Republic (SDCL 10–45–12.1). It concludes, therefore, that National is precluded from experiencing the benefits of those statutes. Technically, National may be unlicensed, but this does not alter the fact that monies earned by National result from the sale of PAI to rental customers. National, whether holding a license or not, acts as the agent of Old Republic, earning commissions on sales of insurance policies exempted from taxation by SDCL 10–45–12.1. Old Republic, licensed to sell insurance in South Dakota, pays the appropriate premium tax. To tax National on premiums, when a premium tax is also paid by Old Republic, would be duplicative. (The same duplication effect taints the taxation of National's gasoline receipts when the gasoline is purchased by National from a taxpaying seller.) Therefore, the State reaps a windfall through these mental gymnastics. Rationale: The interpretation of these tax statutes becomes unreasonable, unnatural, and impractical, contrary to the holding in *Veith,* 261 N.W.2d at 426.

In summary, I would affirm the circuit court's refusal to include National's gasoline and PAI funds in taxable gross receipts. The legislature did not intend the sales tax to be a whip cracked on the back of a company like National for failure to obtain appropriate licenses. National, as Old Republic's agent, is relieved from sales tax liability.