2002 SD 134

**BUTLER MACHINERY COMPANY,**
Appellant,

v.

**SOUTH DAKOTA DEPARTMENT
OF REVENUE, Appellee.**

**No. 22202.**

Supreme Court of South Dakota.

Considered on Briefs May 28, 2002.

Decided Nov. 6, 2002.

758

Ronald G. Schmidt of Schmidt, Schroyer & Moreno, Pierre, South Dakota, Attorneys for appellant.

Michael T. Kenyon, South Dakota Department of Revenue, Pierre, South Dakota, Attorney for appellee.

LOVRIEN, Circuit Judge.

[¶ 1.] Butler Machinery (Butler) appeals a Department of Revenue (DOR) ruling that it must pay use tax on the parts that it uses to repair and maintain its rental fleet. We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] Butler's business is the sale, lease, and repair of heavy construction equipment. Under the lease agreements it has with its customers, Butler must maintain the leased equipment. To make these repairs, Butler purchases repair parts from its suppliers. Butler does not pay sales tax on these parts at the time of purchase. As equipment needs to be repaired, Butler takes these parts out of inventory and uses them to repair the leased equipment. It is this transaction that the DOR claims is subject to the payment of a use tax by Butler.[1]

[¶ 3.] In computing its rental charges, Butler includes its anticipated repair costs for the equipment. Butler pays sales tax on its rental income. Butler's typical rental agreement requires the lessee to maintain the equipment and provide all maintenance items such as fuel, oil, filters, etc. during the term of the lease. Butler does not pay sales tax on these maintenance items.

[¶ 4.] Pursuant to the terms of its typical rental agreement, Butler must provide the customer with equipment in good operating condition and make all repairs, except those specified. Butler's technicians service the rental equipment before it is delivered to a customer, including filling the compartments with the various fluids (oil, grease, wiper fluid, etc.) as necessary. If a customer returns equipment to Butler needing fluids, the company charges that customer for the fluids, plus sales tax.

[¶ 5.] DOR determined Butler was required to pay a use tax on repair and maintenance parts installed in its rental fleet. Butler filed an administrative appeal and the hearing examiner upheld DOR's determination. The matter was appealed to the circuit court which also affirmed DOR's determination.[2] The question on appeal is whether Butler is required to pay use tax on the repair parts and maintenance items installed in its rental fleet? We conclude that it is.

## STANDARD OF REVIEW

[¶ 6.] The standard of review in tax matters is well settled in South Dakota:

The question of whether a statute imposes a tax under a given factual situation is a question of law. Statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. Statutes exempting property from taxation should be strictly construed in favor of the taxing power. The words in such statutes should be given a reasonable, natural, and practical meaning to effectuate the purpose of the statute. *Matter of Sales & Use Tax Refund Request of Media One, Inc.*, 1997 SD 17, ¶ 9, 559 N.W.2d 875, 877; *National Food Corp. v. Aurora County Board of Commissioners*, 537 N.W.2d 564, 566 (S.D.1995); *Thermoset Plastics, Inc. v. Dept. of Rev.*, 473 N.W.2d 136, 138–39 (S.D.1991). "Whether a statute imposes a tax under

---

1. It is stipulated that if a use tax does apply, the total amount of this tax is $40,187.29. Butler has paid this amount under protest and seeks a refund.

2. Various other issues were raised before the hearing examiner and the circuit court but are not before us on appeal.

a given factual situation is a question of law and thus no deference is given to any conclusion reached by the Department of Revenue or the circuit court." *Dept. of Rev. v. Sanborn Tel. Coop.*, 455 N.W.2d 223, 225 (S.D.1990) (alterations in original) (quoting *Midcontinent Broadcasting Co. v. Dept. of Rev.*, 424 N.W.2d 153, 154 (S.D.1988)).

*Robinson & Muenster Associates, Inc. v. South Dakota Dept. of Rev.*, 1999 SD 132, ¶ 7, 601 N.W.2d 610, 612.

## ANALYSIS AND DECISION

[¶ 7.] South Dakota imposes a tax on tangible personal property purchased for use in this state. SDCL 10–46–2 provides:

> An excise tax is hereby imposed on the privilege of the use, storage, and consumption in this state of tangible personal property purchased on or after July 1, 1939, for use in this state at the same rate of percent of the purchase price of said property as is imposed by §§ 10–45–2 and 10–45–3 [retail sales and service tax] or amendment which may hereafter be made thereto.

The use referred to in SDCL 10–46–2 is defined as "the exercise of right or power over tangible personal property incidental to the ownership of that property, except that it does not include the sale of that property in the regular course of business." SDCL 10–46–1(12). It is the provisions of this statute that impose a use tax on Butler's use of various repair parts to maintain its equipment. Butler, however, argues that the use of the repair parts are exempt from the use tax under several statutes.

[¶ 8.] At the outset we note that "exemptions are a matter of legislative grace and doubts are resolved in favor of taxation." *Matter of Townley*, 417 N.W.2d 398, 400 (S.D.1987). Statutes allowing tax exemptions are exactingly and narrowly construed in favor of the taxing entity. *Watertown Coop. Elevator Association v. South Dakota Dept. of Rev.*, 2001 SD 56, ¶ 10, 627 N.W.2d 167, 171. Tax exemptions are never presumed. *Sales and Use Tax Liability of Pam Oil, Inc.*, 459 N.W.2d 251, 255 (S.D.1990). We will now consider Butler's arguments.

[¶ 9.] Butler argues the repair parts were supplied under the terms of the lease agreement they have with their customers. Butler argues that a lease is a retail sale under SDCL 10–45–1(6).[3] Since sales tax has been paid on the gross receipts from its lease rental income, Butler argues no use tax should be paid on these repair parts.

[¶ 10.] Butler argues under SDCL 10–46–2.3, the use, storage, or consumption of tangible personal property actually leased to persons in this state is exempt from the use tax.[4] Butler claims since the repair parts were actually leased to persons in this state, the repair parts are exempt from the use tax.

[¶ 11.] Butler also argues SDCL 10–46–6 stands for the principle that tangible personal property or services should only be taxed once. SDCL 10–46–6 provides:

> The use in this state of tangible personal property or services, the gross receipts from the sale of which are to be included in the measure of the tax imposed by chapter 10–45, and any amendments

---

3. SDCL 10–45–1(6): "Retail sale" or "sale at retail," "the sale of either tangible personal property or services, or both, to the consumer or user thereof, or to any person for any purpose other than for resale."

4. SDCL 10–46–2.3: "The use, storage or consumption of tangible personal property actually leased to persons in this state is exempted from the provisions of this chapter and the tax imposed by it."

made or which may hereafter be made thereto, is hereby specifically exempted from the tax imposed by the chapter. Butler argues since sales tax was paid on the gross receipts from its lease rental income, the repair parts supplied under that lease are not subject to use tax.

[¶ 12.] In addressing these arguments, it is essential that we bear in mind the true nature of the transaction between Butler and its customers. What a customer receives in exchange for his payment to Butler under the lease agreement is the use of a working piece of equipment along with the right to use that equipment for its intended purpose for a given period of time. It is this transaction on which sales tax is paid.

[¶ 13.] While under the terms of this lease, Butler has an obligation to keep the leased equipment in working order, the customer neither buys nor rents the repair parts necessary to do this. Butler's customers do not lease a collection of parts, including some new parts substituted for defective parts. Rather, Butler's customers pay for the use of a working piece of equipment. The lease agreement, therefore, does not constitute a sale of whatever repair parts might be necessary to maintain the equipment. The sales tax paid on the lease rental income does not constitute sales tax paid on the repair parts. If the legislature had wanted to specifically exclude repair parts from the application of the use tax it clearly could have, but did not. We will not presume an exemption where one is not clearly provided by the legislature.

[¶ 14.] When Butler takes repair parts out of its inventory and uses those parts to keep its rental fleet in good working order, Butler's use of those parts is subject to taxation. Since no sales tax was paid on these parts at the time they were purchased, and since they were not sold to the customer under the terms of the lease, the use tax properly applies to this transaction. We do not read the statutes cited as creating an exception to this rule.

[¶ 15.] As to the issue of double taxation, we have long held that the sales tax and the use tax are meant to be complimentary and should not both be used to tax the same transaction. *Sioux Falls Newspapers, Inc. v. Sec. of Rev.*, 423 N.W.2d 806, 810 (S.D.1988). However, in our view, the matter before us involves two separate transactions, each subject to taxation. One transaction is Butler's use of repair parts to keep its rental equipment in working order. The other is the lease of its equipment to third parties. The fact that the first transaction is necessary to carry out the second does not mean that both are the same transaction. From the facts before us, we perceive no double taxation.

[¶ 16.] Finally, Butler argues that in supplying the repair parts to the leased equipment its actions amount to fabrication, compounding or manufacture which, pursuant to SDCL 10–46–9, is exempt from the use tax. SDCL 10–46–9 provides:

> The use in this state of tangible personal property including containers, labels and shipping case thereof which is intended shall, by means of fabrication, compounding or manufacture become a part of other tangible personal property intended to be sold ultimately at retail within or without the state of South Dakota, is hereby specifically exempted from the tax imposed by this chapter. The term tangible personal property shall be construed to include without limiting the meaning of said term, raw material and newspaper print.

[¶ 17.] We are not persuaded that the repair parts used by Butler to maintain its rental fleet became part of the tangible personal property (the rental fleet) by means of fabrication, compounding, or manufacture as contemplated by SDCL 10–46–9. In considering the provision of this statute in the past, we have held that materials which are an essential ingredient of the maker's finished product are not subject to the use tax. *Thermoset Plastics, Inc. v. Dept. of Rev.,* 473 N.W.2d 136 (S.D.1991).

[¶ 18.] However, Butler does not manufacture or create its rental equipment. It buys repair parts created by others to repair equipment created by others in order to have equipment available that it can lease to others. In our view, the repair parts are not an essential ingredient to the finished product and are not exempt from use tax imposed by SDCL 10–46–9.

[¶ 19.] We have considered Butler's other arguments and find them to be without merit. The decision of the circuit court is affirmed.

[¶ 20.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 21.] LOVRIEN, Circuit Judge, for ZINTER, Justice, disqualified.