MATERIAL CONTRACTORS, INC., APPELLEE, *v.* DONAHUE, TAX COMMR., APPELLANT.

(No. 40601—Decided March 27, 1968.)

20

*Messrs. George, Greek, King, McMahon & McConnaughy, Mr. David Stradley, Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. C. Emory Glander* and *Mr. James H. Ledman,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellant.

O'NEILL, J. The question presented to the court may be stated thus: Is the lease agreement between Material Contractors and Corrugated Container divisible?

In substance, the agreement provides four undertakings by each of the parties.

Material Contractors agrees:

1. To lease certain motor vehicle equipment to Corrugated Containers;

2. To maintain the equipment in workable condition, using its own labor and materials;

3. To supply all gasoline and motor vehicle fuel necessary to operate the equipment;

4. To furnish all licenses needed to operate the vehicles.

In turn, Corrugated Container agrees:

1. To pay an annual rental for use of the equipment during the term of the agreement;

2. To pay a fixed service charge of 20 cents per mile for the maintenance and repair work undertaken by lessor;

3. To reimburse lessor for the actual cost of fuel used by the vehicles;

4. To reimburse lessor for amounts expended by it for license fees.

This court defined "divisibility" in *Huntington & Finke Co.* v. *Lake Erie Lumber & Supply Co.* (1924), 109 Ohio St. 488, 143 N. E. 132, in the first paragraph of the syllabus as follows:

"Whether a contract * * * is entire or divisible depends generally upon the intention of the parties, and this must be ascertained by the ordinary rules of construction, considering not only the language of the contract, but also, in cases of uncertainty, the subject-matter, the situation of the parties, and circumstances surrounding the transaction, and the construction placed upon the contract by the parties themselves. * * *" See *Armstrong* v. *Bankers Life Assn.* (1940), 217 Ind. 601, 615, 29 N. E. 2d 415; 3A Corbin, Contracts, 292, Sections 695 and 696.

When the principles set forth in *Huntington, supra,* and *Armstrong, supra,* and the criteria established by Corbin, *supra,* are applied to the agreement in the instant case, it is apparent that the agreement is divisible.

The next question to be determined by this court may be stated thus: Since the contract is divisible, what are the sales tax consequences of the separate transactions undertaken pursuant to the contract?

Under the contract, only the rental transaction was a "sale," within the meaning of Section 5739.01(B), Revised Code, and only those amounts paid as annual rental for the use of the equipment may be considered in determining the "price," within the meaning of Section 5739.01(H), Revised Code.

Under the agreement, the maintenance and repair of the equipment by the lessor, including the furnishing of material and labor for a fixed service charge of 20 cents

per mile is not subject to the sales tax under the provisions of Section 5739.01(B), Revised Code. That section, in defining "sale," provides:

"* * * Other than as provided in this section, 'sale' and 'selling' do not include * * * personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

Under the portion of the agreement which provides that the lessor furnish the fuel required to operate the equipment and that the lessor be reimbursed for the actual cost of such fuel by the lessee on an annual basis, such a transfer of fuel is not taxable as a sale because the provisions of Section 5739.02(B)(6), Revised Code, exempt such a transaction from the application of the sales tax in the following language:

"(B) The tax [sales tax] does not apply to the following:

"* * *

"(6) Sales of motor vehicle fuel upon receipt, use, distribution, or sale of which in this state a tax is imposed by the law of this state * * *." See *M. C. Milligan, Inc.,* v. *Bowers* (1958), 2 Ohio Tax Cases, paragraph 200-840, page 11980, BTA No. 37370.

No claim is made in this court that the sales tax is due on the amounts paid for license fees.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, WASSERMAN and BROWN, JJ., concur.

WASSERMAN, J., of the Eighth Appellate District, sitting for SCHNEIDER, J.