JEROME W. GECKLE, TRUSTEE *v.* OREST T. DUBNO,
COMMISSIONER OF REVENUE SERVICES
(2438)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued April 5—decision released July 17, 1984

*Charles B. Milliken,* with whom were *Thomas M.
Divine* and, on the brief, *Charles L. Howard,* for the
appellant (plaintiff).

*Richard K. Greenberg,* assistant attorney general,
with whom, on the brief, was *Joseph I. Lieberman,*
attorney general, for the appellee (defendant).

DANNEHY, C.P.J. The only issue in this appeal is
whether the Connecticut sales tax applies to a dollar-

for-dollar reimbursement by a lessee to a lessor of ad valorem personal property taxes assessed against and paid by the lessor. ·

The plaintiff is the trustee of the D. L. Peterson Trust which leases motor vehicles on a net-lease basis to customers located within the state of Connecticut. The lessees are required to pay a monthly rental fee and sales tax based on that amount. The lessees are also required to pay other costs incurred in connection with the use of the vehicles during the lease term including but not limited to all taxes (except any tax measured by the net income of the lessor) on or relating to the vehicles.[1] It is the plaintiff's custom to pay ad valorem personal property taxes directly to the various towns in which the vehicles are located and to bill the lessees for the precise amount of the taxes he pays.[2]

For the tax periods ending March 31, 1978, through February 28, 1981, the plaintiff did not pay sales taxes on the amounts received from the lessees as reimbursement for personal property taxes under the foregoing arrangement. The defendant commissioner of revenue services consequently imposed a deficiency assessment for those periods. The plaintiff's subsequent petition

[1] Two of the three lease agreements used by the plaintiff contain the following provision: "9. *Expenses, Fees, Taxes* The lessee shall pay all costs, expenses, fees and charges incurred in connection with the titling and registration of vehicles and the use and operation of vehicles during the lease terms thereof, including but not limited to gasoline, oil, grease, repairs, maintenance, tires, tubes, storage, parking, tolls, fines, registration and license fees and tags, and all taxes whatsoever by whomsoever payable (except any tax measured by the net income of the Lessor) on or relating to the vehicles leased hereunder and the purchase, sale, rental, use or operation thereof. The Lessee shall reimburse to the Lessor upon demand as additional rent the amount or amounts of any such costs, expenses, fees, charges and taxes paid by the Lessor . . . ." The third lease agreement contains similar language.

[2] The plaintiff engages in this practice to ensure that the taxes are timely paid and thereby to avoid any possible penalties which might arise from the failure to do so.

for a reassessment was denied, and he then appealed to the Superior Court which dismissed the action, finding that the deficiency assessments had been properly imposed. The plaintiff now appeals[3] from that judgment.

The plaintiff does not question that the lease of the vehicles is taxable as a "sale" under the Sales and Use Tax Act.[4] Rather, he disputes that the reimbursement is an item of the "sales price" or "gross receipts" and therefore subject to the tax. He bases his argument on the premise that such payments are unrelated to the actual transfer arising through the "leasing or rental of tangible personal property . . . ."

The operative phrase "sales price" is defined in General Statutes § 12-407 (8) as "the total amount for which tangible personal property is sold . . . or the total amount of payment or periodic payments received for leasing or rental of tangible personal property . . . without any deduction on account of any of the following: (a) The cost of the property sold; (b) the cost of materials used, labor or service cost, interest charged, losses *or any other expenses* . . . ." (Emphasis added.)

"Gross receipts" is defined in General Statutes § 12-407 (9) as "the total amount of the sales price . . . or the total amount of payment or periodic payments received for leasing or rental of tangible personal property . . . without any deduction on account of any of the following: (a) The cost of the property sold. . . .

---

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[4] General Statutes §§ 12-406 et seq. The sales tax was imposed in accordance with § 12-408 (1): "For the privilege of making any sales as defined in subsection (2) of section 12-407, at retail, in this state for a consideration, a tax is hereby imposed on all retailers at the rate of seven and one-half per cent of the gross receipts of any retailer from the sale of all tangible personal property, except as hereinafter provided, sold at retail . . . ."

Section 12-407 (2) provides in relevant part: " 'Sale' and 'selling' mean and include . . . (j) the leasing or rental of tangible personal property of any kind whatsoever, including but not limited to motor vehicles . . . ."

(b) the cost of the materials used, labor or service cost, interest paid, losses *or any other expense . . . .*" (Emphasis added.) Section 12-407 (9) also sets forth items which are not to be included and, significantly, lists as the only tax excluded "the amount of any tax . . . imposed by the United States upon or with respect to retail sales . . . ."

It is the law that taxing statutes are to be strictly construed. *Naylor* v. *Brown,* 166 Conn. 581, 587, 353 A.2d 709 (1974). "If there is no ambiguity in the language of the statute, it does not become ambiguous merely because the parties contend for different meanings. In the absence of ambiguity, it is unnecessary to resort to principles of statutory construction such as the resolution of ambiguity in favor of the taxpayer. *Harris Data Communications, Inc.* v. *Heffernan,* 183 Conn. 194, 198, 438 A.2d 1178 (1981)." *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 571, 440 A.2d 767 (1981).

In his brief, the plaintiff has urged us to consider the law of Ohio when interpreting the Connecticut sales tax statute. This we have done in recognition of the fact that our state's sales and use tax is based substantially on the Ohio statutes and, therefore, "the decisions of that court have more than passing interest in the examination and applicability of our sales and tax statutes." *Columbia Pictures Industries, Inc.* v. *Tax Commissioner,* 176 Conn. 604, 610, 410 A.2d 457 (1979). We fail, however, to find in the Ohio cases cited by the plaintiff any support for the position he maintains.

In particular, *Material Contractors, Inc.* v. *Donahue,* 14 Ohio St. 2d 19, 235 N.E.2d 525 (1968), dealt with an arrangement whereby equipment was leased at a fixed rent with additional payments required for main-

tenance, repairs, fuel and license fees.[5] In holding that only the amounts paid as rent could be considered in determining the sales price, the court relied upon the language of the Ohio sales tax statute which expressly excluded the additional payments in question.[6] *Bunker-Ramo Corporation* v. *Porterfield,* 21 Ohio St. 2d 231, 257 N.E.2d 365 (1970), addressed the issue of whether the transmission for a monthly fee of stock and commodity information to subscribers by way of electronic equipment was a personal service transaction and, therefore, not subject to the sales tax. Having decided that those activities were taxable, the court allowed a reduction of the tax to the extent that the taxpayer collected and remitted exchange fees from its subscribers to the commodity exchanges. In doing so, it was acting "merely as a collecting agent for the exchanges." Id., 238. The third case cited by the plaintiff, *Copeland Corporation* v. *Lindley,* 50 Ohio St. 2d 33, 361 N.E.2d 1344 (1977), held that a monthly charge as consideration for a lessor's transfer of licenses and registrations to its lessees was taxable. None of these cases involved payments to a lessor for personal property taxes, and none involved expenses which the taxpayer was, by law, required to pay.

We thus find that the Ohio cases to which our attention had been drawn so differ on their facts from this case that they shed no light on the question before us.

The plaintiff here was himself responsible for listing the personal property with the tax assessor of each town in which the property was located, and for the payment of the taxes imposed thereon. General Statutes §§ 12-32, 12-71 and 12-71b; *Consolidated Diesel Electric Corporation* v. *Stamford,* 156 Conn. 33, 39,

[5] No claim was made that the sales tax was due on the amounts paid for license fees. *Material Contractors, Inc.* v. *Donahue,* 14 Ohio St. 2d 19, 23, 235 N.E.2d 525 (1968).

[6] Ohio Rev. Code Ann. § 5739.01 et seq.

238 A.2d 410 (1968). Unlike the other out-of-pocket items for which the leases required reimbursement, such as parking and operating tickets, the plaintiff was statutorily obligated to pay the personal property taxes on the vehicles as an expense integral to his business. We consequently find that the payments by the lessees to the plaintiff under the reimbursement arrangement comprise part of the total amount of payment or periodic payments received for the rental of personal property and thus fall within the definitional language of the Sales and Use Tax Act. We are bound to conclude, therefore, that those payments are subject to the sales tax.

There is no error.

In this opinion the other judges concurred.