LIBERTY MUTUAL LIFE INSURANCE COMPANY
*v.* STANLEY TUCKER ET AL.
(5067)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued April 7—decision released June 23, 1987

*Lisa Silvestri,* with whom were *Michael Collins* and, on the brief, *Larry Levesque,* for the appellant (defendant city of Hartford).

*Stanley Tucker,* pro se, the appellee (named defendant).

*Kerry A. Lawrence,* for the plaintiff.

HULL, J. The plaintiff instituted this interpleader action to determine the rights of competing claimants to the proceeds of a fire insurance claim made by the named defendant insured. The trial court held that a municipal tax lien on the insurance proceeds was invalid, and ordered that the funds be paid jointly to the insured and his mortgagee. From that decision, the city of Hartford appeals, claiming the following: (1) the municipal tax lien did comply with the relevant statutes; (2) the city had a valid lien against the insurance proceeds; (3) the city's certificate of lien continuation (certificate) gave fair and legal notice; (4) the city's lien should not be invalidated by the inaction of the insurer;

and (5) the city's tax liens should not have been invalidated by the insurer's choice of interpleader over the use of the statutory process.

The following facts are not in dispute. On June 12, 1983, a fire largely destroyed a building at 121 Allen Place in Hartford. For many years, the defendant Stanley Tucker carried fire insurance on the building with the plaintiff Liberty Mutual Life Insurance Co. (Liberty Mutual). The building was also subject to approximately $39,000 in outstanding municipal tax liens.

On May 11, 1984, Liberty Mutual brought an interpleader action under General Statutes § 52-484[1] to have the court determine which parties were entitled to the insurance proceeds. The plaintiff served Burritt Mutual Savings Bank (Burritt), the mortgagee of the property, T.S.A., Inc. (T.S.A.), the fire loss adjuster, the city of Hartford and Tucker.

The court gave first priority to the claim of T.S.A. for $3040.50. With respect to the city's tax claims, the court held as follows. Tax liens for the years 1977 through 1981 had been duly filed and recorded by the Hartford tax collector. The notice of intention to claim against insurance proceeds, which is required by General Statutes § 12-173, had not been filed, however. The

---

[1] General Statutes § 52-484, provides: "Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property; but no such allowance shall be made unless it has been claimed by the party in his complaint or answer."

court therefore held that the city's omission precluded it from collecting the insurance proceeds, regardless of the court's additional finding that the insurance company did not follow the statutory notice requirement of General Statutes § 49-73d. The court consequently determined that the claims of Burritt and Tucker were prior in right to that of the city. It ordered that the insurance proceeds be paid to Burritt and Tucker as copayees. This appeal followed.

I

The city's first claim is that the court erred in holding that its lien did not comply with the relevant statutes, General Statutes §§ 12-173 and 49-73a. Its second claim is that the court erred in holding that the city had not filed a valid lien against the fire insurance proceeds. As they are related, we will address those issues together.

General Statutes § 12-173 provides in relevant part that "[t]he collector of each municipality, by pursuing the method authorized by . . . [General Statutes § ] 12-175, may continue any tax lien existing against any item of real estate to secure the payment of the tax assessed by such municipality thereon, as such tax has been increased by legal interest, fees and charges, by making out and filing, within the time limited by section . . . 12-175, in the office of the town clerk of the town wherein such real estate is situated, a certificate containing the following information: (1) The name of the person against whom such tax appears in the rate bill; (2) a description of such real estate; (3) the principal of such tax due thereon, the amount of which, with interest, if any, and fees and other charges, is secured by such lien; (4) the date or dates when the principal of such tax became due; and (5) a statement giving notice of his intention to file a lien pursuant to sections 12-172 and 49-73a to 49-73i, inclusive, against the pro-

ceeds of any policy of insurance providing coverage for loss or damage caused by fire, if a loss or damage has occurred."

General Statutes § 49-73a provides in relevant part that all other interests are subject to any tax lien continued pursuant to § 12-173. It provides further that "[n]o such lien shall be valid unless the tax collector . . . files . . . a certificate of lien, pursuant to the provisions of section 12-173, giving notice of his intention to claim against [the insurance] proceeds."

Presumably in response to these statutory provisions, the city filed a lien certificate that set forth as follows: "This certificate is filed pursuant to Public Act 79-342 and 80-207 [General Statutes §§ 49-73a and 12-173] and is intended to give notice the City of Hartford intends to claim against insurance proceeds in the above-described property for taxes secured by this lien and for taxes secured for the years filed with the Town Clerk."

The trial court held that "[t]he tax continuation certificate relied upon by the City fails to give notice of its 'intention to file a lien' on the taxpayer's fire insurance proceeds pursuant to § 12-173. Furthermore, the fact that it makes no reference to the years for which taxes are due or the total amount claimed to be delinquent hardly constitutes 'constructive notice of the existence of the lien and the claim of the municipality against such interest in such item of real estate or in such proceeds to the insurance company and to any person having an insurable interest in the real estate or an interest in the proceeds,' as required under § 49-73c." We agree.

Statutes related to taxation must be strictly construed. *Uniroyal, Inc.* v. *Board of Tax Review,* 182 Conn. 619, 626, 438 A.2d 782 (1981); *Pepin* v. *Danbury,* 171 Conn. 74, 83, 368 A.2d 88 (1976); *Geckle* v. *Dubno,*

2 Conn. App. 303, 306, 478 A.2d 263 (1984). Any ambiguity in a tax related statute must be construed in favor of the taxpayer. *Eastern Connecticut Cable Televison, Inc.* v. *Montville,* 180 Conn. 409, 412, 429 A.2d 905 (1980).

The language of the city's certificate is deficient in several respects. General Statutes § 12-173 (3) requires inclusion of "the principal of such tax due thereon, the amount of which, with interest, if any, and fees and other charges, secured by such lien." That information was not present on the city's certificate. The statute also requires "the date or dates when the principal of such tax became due." General Statutes § 12-173 (4). That information is not present on the city's certificate. Finally, the statute requires "a statement giving notice of his intention to file a lien . . . ." General Statutes § 12-173 (5). The city's certificate mentions only that the city "intends to claim against insurance proceeds." The city failed to comply with the necessarily strict statutory requirements. The court was therefore correct in holding that the city's certificate was deficient.

General Statutes § 49-73a provides that "[n]o such lien shall be valid" unless the certificate complies with General Statutes § 12-173. As we have determined that the city's certificate did not comply with the statute in question, the lien cannot be considered valid.

## II

The city's third claim is that the court erred in determining that the certificate did not give fair and legal notice of the city's lien. The court stated in this respect that "the fact that [the certificate] makes no reference to the years for which taxes are due or the total amount claimed to be delinquent hardly constitutes 'constructive notice of the existence of the lien and the claim of the municipality against such interest in such item

of real estate or in such proceeds to the insurance company and to any person having an insurable interest in the real estate or an interest in the proceeds,' as required by § 49-73c.'' We agree.

A statute must not be construed so as to thwart its purpose. *Narel* v. *Liburdi,* 185 Conn. 562, 571, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982); *Knapp* v. *Inland Wetlands Commission,* 7 Conn. App. 283, 285–86, 508 A.2d 804, cert. denied, 200 Conn. 807, 512 A.2d 230 (1986). A statute must be construed to give effect to the legislative purpose in enacting it. *Hall* v. *Planning Board,* 2 Conn. App. 49, 52, 475 A.2d 1114 (1984). The purpose of requiring a tax continuation certificate is to give notice of existing tax liens. By failing to designate amounts owed and dates due, and instead requiring an insurance company to conduct its own investigation of municipal tax records, the entire intent behind the statutory scheme is defeated. The strict requirements were enacted to put all interested parties on constructive notice that certain sums were owed. A blanket statement that an unspecified amount is due does not provide the necessary notice. The court was, therefore, correct in ruling that the city's certificate was not constructive notice as required by the statute.

### III

The city's fourth claim is that the court erred in invalidating the city's lien in light of the inaction of Liberty Mutual. Its fifth claim is that the city's tax liens should not have been invalidated by the insurer's choice of interpleader over the use of the statutory process.

General Statutes § 49-73d relieves the insurance company from liability to its insured ''if the proceeds are paid to the municipality for outstanding tax liens and

if the conditions specified in § 49-73d[2] are satisfied." (Footnote added.) *Tucker* v. *Connecticut Ins. Placement Facility,* 192 Conn. 653, 654–55, 473 A.2d 1210 (1985). In the present case, Liberty Mutual did not proceed under General Statutes § 49-73d. It is for that very reason that Tucker was successful in the action referred to above. This is a different situation, however. The city appears to be under the impression that it had no duty to comply with the statute since Liberty Mutual did not so comply. Language in the decision cited above makes it evident, however, that it is assumed the lien certificates will already have been filed under § 49-73a before the insurance company requests a statement of liens filed. In the context of denying the insurance company's claim of immunity for failing to comply with § 49-73d, the court stated that the insurance company "must specifically request the amount of liens filed pursuant to § 49-73a, that is, liens involving a claim against fire loss proceeds." Id., 662. The presumption in that sentence is that the city's tax continuation certificate would already have been filed before the request was made. It is therefore not necessary for the insurance company to meet its statutory obligation before the city's obligation became ripe. The city cannot successfully put the cart before the horse in this instance.

There is no error.

In this opinion the other judges concurred.

---

[2] General Statutes § 49-73d (a) provides in relevant part: "Prior to the payment of any insurance proceeds for loss or damage to real estate caused by fire, provided the amount of the proceeds for the loss payable under the policy is five thousand dollars or more, the insurance company required to pay such proceeds shall notify the town clerk of the town in which such loss or damage has been sustained and demand in writing, by registered or certified mail, that a statement indicating the amount of all liens filed pursuant to sections 49-73a and 49-73b be delivered to such insurance company at a specified address, in person or by registered or certified mail, within twenty days from the date of receipt by the town clerk of such demand."