340

THOMAS STEEL STRIP CORPORATION, APPELLEE,
*v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Thomas Steel Strip Corp. v. Limbach*
(1991), 61 Ohio St.3d 340.]

(No. 90–1773—Submitted May 21, 1991—Decided August 7, 1991.)

*Cohen & Grigsby, P.C., Henry C. Cohen* and *Christopher J. Rayl,* for appellee.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for appellant.

*Per Curiam.* The consumer pays the sales tax to the vendor. R.C. 5739.03. Under R.C. 5739.01(B)(5), the consumer in a construction contract is the construction contractor, because a construction contract is not a sale of tangible personal property to the owner of the real property. The contractor must pay the tax on his purchase of the materials.

The commissioner argues that the property installed here did not benefit the land but supported machinery and equipment. Thus, according to the commissioner, the property did not become real property. Thomas answers that the property was incorporated into its buildings or structures and was, by definition, real property, requiring the contractor to pay the tax on his prior purchase of materials. We agree with Thomas.

R.C. 5701.02 states:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself * * * and, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto."

We have recently and consistently interpreted this definition of real property and land to mean that any property attached to land is real property for tax purposes, unless otherwise specified. *Green Circle Growers, Inc. v. Lorain Cty. Bd. of Revision* (1988), 35 Ohio St.3d 38, 517 N.E.2d 899. We have drawn away from earlier rulings that asked whether the improvement primarily benefited the land or the business on the land. For example, in *Rotek, Inc. v. Limbach* (1990), 50 Ohio St.3d 81, 552 N.E.2d 640, we reversed a BTA decision concerning very similar items, because the BTA based its decision on whether the property was primarily devoted to the business conducted on the land. We conclude that R.C. 5701.02 does not require the fact-finder to make this distinction.

The commissioner also argues that the court should adopt a restrictive definition of "structure." To the contrary, the phrase "structures * * * of whatever kind" in R.C. 5701.02 undermines her argument. This phrase places no limit on the type of structure that is, for tax purposes, real property.

Moreover, the commissioner fails to persuade us that this installed property is "otherwise specified." She claims that this property merely serves as foundations for machinery, and thus is assessable as personal property under R.C. 5711.16.

However, this property became part of the expansion of Thomas' plant, includes no moving machinery parts, and, in the best light for the commissioner, supports Thomas' equipment. The property became rooms for housing equipment and storing material. The assessed items also include floor plates

over which people and transportation equipment move. The BTA's decision is reasonable and lawful.

Next, the commissioner contends that Thomas should pay the permissive tax levied in the counties of its vendors. Thomas responds that it received the contested items in Trumbull County and that, consequently, the sales occurred there. It argues that it does not owe the tax because Trumbull County does not levy permissive taxes.

In *Arga Co. v. Limbach* (1988), 36 Ohio St.3d 220, 222, 522 N.E.2d 1074, 1077, we held:

"The transfer of title to or possession of tangible personal property is a 'sale' and the taxable event on which the tax is imposed. *Where* this occurs is *where* the tax may be imposed. 'Only those sales made within this state can be taxed, but not those outside its borders.' *Id.* [*PPG Industries, Inc. v. Lindley* (1982), 1 Ohio St.3d 212, 1 OBR 237, 438 N.E.2d 907] at 214, 1 OBR at 238, 438 N.E.2d at 908. We hold that these same principles apply to the levy of the county permissive tax here." (Emphasis *sic*.)

We then applied R.C. 1302.42, which " * * * provides that title passes to the buyer when the property is tendered at the destination specified in a contract. It also provides that title passes at the time and place at which the seller completes his performance by physically delivering the goods, unless otherwise specified." *Id.*, 36 Ohio St.3d at 223, 522 N.E.2d at 1077. Thus, under *Arga*, delivery to the consumer controls the imposition of the permissive tax.

However, the commissioner relies on an amendment to R.C. 5739.01(E), which became effective after the audit period in *Arga*. The amendment states:

"All sales are presumed to have occurred at the vendor's place of business * * *." 140 Ohio Laws, Part II, 3217.

The commissioner contends that this amendment created a conclusive presumption that disputed sales occurred at the vendor's place of business. The BTA found, however, that Thomas could rebut this statutory presumption.

According to *State v. Myers* (1971), 26 Ohio St.2d 190, 201, 55 O.O.2d 447, 453, 271 N.E.2d 245, 252, " * * * statutory presumptions not specifically designated to be conclusive, may be rebutted by other evidence. * * * " (Citations omitted.) Thus, the BTA correctly ruled that the presumption was rebuttable; furthermore, sufficient evidence supports the BTA's finding that Thomas rebutted the presumption. According to the evidence, all deliveries occurred, as scheduled, in Trumbull County.

Consequently, we affirm the BTA's decision as to the assessed transactions at issue.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.