Xyovest, Inc., Appellee, *v.* Limbach, Tax Commr., Appellant.

[Cite as *Xyovest, Inc. v. Limbach* (1992), 62 Ohio St.3d 469.]

(No. 91–146—Submitted October 31, 1991—Decided February 5, 1992.)

*Frost & Jacobs, Dennis L. Barron* and *Larry H. McMillin,* for appellee.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for appellant.

---

*Per Curiam.* The Tax Commissioner argues that the additional payments (reimbursements or pass-through payments of personal property tax) are like any other expense of doing business. It was, she argues, the obligation of Xyovest as owner of the equipment to pay personal property taxes due and the fact that Xyovest contractually shifted this responsibility to its lessees does not change that fact. Under Xyovest's master lease, it is argued, a lessee undertook an additional condition of its lease: as a part of the consideration paid or promised to be paid in return for the continued possession and use of the equipment, it would pay the pass-through personal property tax.

Xyovest responds that, "[a] statute must be read in its entirety," that the commissioner quotes out of context, and that she ignores a critical part of the applicable definition of "price." We agree with Xyovest.

R.C. 5739.01(H)(1) defines "price" as: " * * * [T]he aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, * * * or any other expense. * * *"

Under R.C. 5739.01(B)(1) a "sale" is a transaction "by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * *." The commissioner has failed to establish that at the time of the reimbursement of the additional tax amount there was a concomitant transfer of title or possession of tangible personal property.

The quoted sections of the master lease provide for divisible contracts. In addition to the right to use equipment there is a separate undertaking for the reimbursement of applicable personal property taxes. See *Material Contractors, Inc. v. Donahue* (1968), 14 Ohio St.2d 19, 43 O.O.2d 10, 235 N.E.2d 525, paragraph one of the syllabus.

In *Columbus Equipment Co. v. Limbach* (1988), 38 Ohio St.3d 62, 63, 526 N.E.2d 294, 295–296, we stated:

"R.C. 5739.02 levies a tax on retail sales and this tax is measured by the 'price' of the sale.  * * *

" * * * [However,] * * * not all sums paid in a transaction are part of the 'price'.  * * *

" * * *

"Interest is * * * the cost of borrowing money so that a person will have the money to purchase the item.  Interest is not a part of the item's price because it is not related to the cost of the property sold or material used. R.C. 5739.01(H).

"In the instant case, taxpayer and its customers agreed that the lease payments would include interest.  * * * When taxpayer did this, it was not adding compensation to the purchase price, but was retaining the interest that the parties had agreed was due on and paid with the lease payments."

By analogy, the lessees' reimbursement payments of personal property taxes here were not part of the price, but were separate items agreed to by contract.

The decision of the BTA was reasonable and lawful and is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.