KINGS ENTERTAINMENT COMPANY, APPELLEE AND CROSS-APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *Kings Entertainment Co. v. Limbach*
(1992), 63 Ohio St.3d 369.]

---

(No. 91–504—Submitted December 12, 1991—Decided April 15, 1992.)

*Taft, Stettinius & Hollister* and *Stephen M. Nechemias,* for appellee and cross-appellant.

*Lee I. Fisher,* Attorney General, *Richard C. Farrin* and *M. Linda Weigand,* for appellant and cross-appellee.

*Per Curiam.* The Tax Commissioner contends that *Teaff v. Hewitt* (1853), 1 Ohio St. 511; *Zangerle v. Standard Oil Co.* (1945), 144 Ohio St. 506, 30 O.O. 151, 60 N.E.2d 52; and subsequent cases are determinative of the issue of whether the disputed purchases are purchases of personal property or real property for tax purposes. These cases require that an improvement benefit the real property rather than the business on the property in order for the improvement to become a part of the realty and thus not be subject to tax. We have, however, consistently rejected this test. Under former R.C. 5701.02,

now 5701.02(A): " * * * any property attached to land is real property for tax purposes, unless otherwise specified." *Thomas Steel Strip Corp. v. Limbach* (1991), 61 Ohio St.3d 340, 341, 575 N.E.2d 114, 115. The record evidence is more than sufficient to support the BTA's conclusion that the property at issue constituted "structures" and "improvements" on the land, thus coming within the definition of "real property" under R.C. 5701.02.

Consequently, the decision of the BTA that the disputed property was real property was neither unreasonable nor unlawful and it is affirmed.

The BTA also found that the commissioner's failure to remit the penalty was a moot question, and Kings, in its cross-appeal, contends that this was error. Kings argues that, in its notice of appeal, and in evidence and briefs filed with the BTA, it had specified that the commissioner erred in failing to fully cancel the penalty. According to Kings, the issue was not moot because the request for penalty remission still applied to purchases included in the assessment for which no exceptions were sought. Kings argues that it presented evidence on the penalty issue at the BTA hearing and that, therefore, the penalty should have been remitted in its entirety.

Kings' opening statement and its response to an evidentiary objection at the BTA hearing support its contention. Moreover, Kings' evidence before the BTA also showed that the tax agent who conducted the audit was impressed with Kings' compliance efforts and that "there was a good-faith effort to try to accrue all taxes that * * * [Kings] believed to be taxable."

Nevertheless, the Tax Commissioner did remit the penalty on the entire assessment from the statutory fifteen percent to five percent. Under these circumstances, Kings' good-faith efforts at compliance are not sufficient to show an abuse of the commissioner's discretion. See *Jennings & Churella Constr. Co. v. Lindley* (1984), 10 Ohio St.3d 67, 10 OBR 357, 461 N.E.2d 897. Even though the BTA considered the penalty issue as moot, its failure to remit the entire penalty was neither unreasonable nor unlawful.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.