LEASING DYNAMICS, INC., APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Leasing Dynamics, Inc. v. Limbach*
(1992), 64 Ohio St.3d 296.]

(No. 91–1531—Submitted March 26, 1992—Decided August 12, 1992.)

*Baker & Hostetler, William M. Toomajian, Christopher J. Swift* and *Michael K. Farrell,* for appellee.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for appellant.

*Per Curiam.* We first address the BTA's finding that the reimbursement of pass-through personal property taxes was not part of the price paid by LDI's customers, and thus is not taxable.

"Price" is " * * * the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of the materials used, labor or service cost, * * * or any other expense. * * * " R.C. 5739.01(H)(1). However, not all sums paid in a transaction are part of the "price." *Columbus Equip. Co. v. Limbach* (1988), 38 Ohio St.3d 62, 63, 526 N.E.2d 294, 296.

LDI, as the owner of the leased equipment, paid personal property taxes and, as provided in the master lease, passed those taxes through to its customers in a separate billing. The BTA found that the indemnification clause (of the master lease) was "a severable part of a divisible contract, and that sales tax does not apply to otherwise nontaxable charges which are clearly separated from the price of the equipment." See *Materials Contractors, Inc. v. Donahue* (1968), 14 Ohio St.2d 19, 22–23, 43 O.O.2d 10, 10–13, 235 N.E.2d 525, 528.

We agree. In *Xyovest, Inc. v. Limbach* (1992), 62 Ohio St.3d 469, 471, 584 N.E.2d 675, 677, we stated: "By analogy, the lessees' reimbursement payments of personal property taxes here were not part of the price, but were separate items agreed to by contract." *Xyovest* is indistinguishable from this appeal and is dispositive of this issue.

Appellant further argues that in order for the reimbursement charges to be a part of the price, there must be a separate consideration given for the payments. However, there is no requirement that a separate consideration be

established; it suffices that the contractual provision be separate and divisible. See *Columbus Equip. Co., supra.*

We now address the issue of the applicability of the permissive tax herein. R.C. 5739.01(B) defines a "sale" to include all transactions for a consideration " * * * [in] which title or possession, or both, of tangible personal property, is or is to be transferred." Except for certain inapplicable transactions, a presumption exists that all sales occur at the vendor's place of business. R.C. 5739.01(E).

The BTA found that the presumption that the "sales" occurred at LDI's place of business in Cuyahoga County was rebuttable, and that LDI had overcome that presumption. The BTA determined that possession of the equipment was transferred at the customers' locations, after delivery and installation of the equipment and the customers' acceptance of possession. We agree.

As we stated in *Arga Co. v. Limbach* (1988), 36 Ohio St.3d 220, 222, 522 N.E.2d 1074, 1077:

"The transfer of title to or possession of tangible personal property is a 'sale' and the taxable event on which the tax is imposed. *Where* this occurs is *where* the tax may be imposed. 'Only those sales made within this state can be taxed, but not those outside its borders' * * *." (Emphasis *sic.*)

We hold that these same principles apply here, and the BTA correctly reversed the commissioner's imposition of the permissive tax. See, also, *Thomas Steel Strip Corp. v. Limbach* (1991), 61 Ohio St.3d 340, 575 N.E.2d 114.

The decision of the BTA is neither unreasonable nor unlawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.